UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LLOYD,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 2:20-cv-01727-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 19 & 21 |

Plaintiff challenges the decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 19 & 21. For reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and this matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it

1

is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for DIB, alleging disability beginning May 24, 2014. Administrative Record ("AR") 164-65. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 30-70, 93-97, 100-04. On June 12, 2019, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-25. Specifically, the ALJ found that:

> 1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2016.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 24, 2014 through her date last insured of June 30, 2016.

3. From the alleged onset date of May 24, 2014 through her date last insured of June 30, 2016, the claimant had the following severe impairments: bilateral shoulder pain right secondary to osteoarthritis with status post left shoulder surgery on 03/2014 and right shoulder surgery on 07/2015, and bilateral hand pain secondary to osteoarthritis.

\* \* \*

4. From the alleged onset date of May 24, 2014 through her date last insured of June 30, 2016, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, from the alleged onset date of May 24, 2014 through her date last insured of June 30, 2016, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except frequent bilateral reaching, handling, and fingering.

\* \* \*

6. From the alleged onset date of May 24, 2014 through her date last insured of June 30, 2016, the claimant was capable of performing past relevant work as a medical billing and home attendant. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

\* \* \*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 24, 2014, the alleged onset date, through June 30, 2016, the date last insured.

AR 18-24 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence and that the ALJ failed to provide legally sufficient reasons for discounting plaintiff's subjective complaints. ECF No. 19 at 5-9. The court agrees with plaintiff's first argument and remands on that basis.[1]

In between steps three and four of the sequential evaluation, the ALJ must determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC is the most that the claimant can perform despite his or her limitations. *Id.* § 404.1545(a)(1). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted). Although the ALJ need not address every piece of evidence, she must "set forth the reasoning behind [her decision] in a way that allows for meaning review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The ALJ found that plaintiff had the RFC to perform medium work involving no more than frequent bilateral reaching, handling, and fingering. AR 20. The ALJ explained that her determination:

> is supported by the medical opinion evidence, objective medical findings, the State agency, and the records of a whole. The State agency sources and consultative examiners found that the claimant is capable of full range of work of medium. Therefore, it is found that the claimant has the residual functional capacity to perform less than the full range of medium work with the following non-exertional limitations.

AR 23.

---

[1] Accordingly, the court declines to address plaintiff's second argument.

4

That explanation, however, lacks support in the record. Notably, the record does not contain an evaluation from a consultative examiner—that is, an independent, third-party examiner, as distinct from both state agency personnel and plaintiff's own medical team. The record does contain two medical opinions—both from state agency physicians—related to physical limitations, but neither supports the ALJ's RFC assessment. One of the state agency physicians, Dr. Gerson, reviewed plaintiff's medical record in connection with the initial disability determination and concluded that it was insufficient to assess plaintiff's physical limitations. AR 76. He noted that plaintiff's medical record included "unreliable copied/duplicated exams," which made it difficult to assess her limitations prior to the date last insured. *Id*. Accordingly, he recommended that plaintiff be evaluated by a consultative examiner. *Id*. In relation to plaintiff's request for reconsideration, the second state agency physician, Dr. Rudito, reviewed the medical records and reached similar conclusions to Dr. Gerson, also recommending evaluation by a consultative examiner. AR 86. No evidence in the record, however, indicates that such an evaluation occurred. Ultimately, the record contains no medical opinion supporting the ALJ's RFC determination.[2]

Rather than follow the state agency physicians' recommendations, the ALJ apparently decided to forgo an independent examination and instead formulate her own opinion as to plaintiff's limitations based on her review of the medical evidence. The ALJ, however, is not a medical expert "qualified to interpret raw medical date in functional terms . . . ." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that an ALJ should not make his "own exploration and assessment as to claimant's physical condition"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *cf. Tawnya T. v. Saul*, 2019 WL 4422680, at *2 (C.D. Cal. July 9, 2019) ("It appears that, having

---

[2] The ALJ's finding that the opinion evidence supported her RFC determination is even more perplexing given the decision's discussion of Dr. Gerson and Dr. Rudito's opinions. The ALJ specifically noted that both physicians found that there was insufficient evidence to assess plaintiff's physical impairments. AR 23. The ALJ then concluded that, based on the medical records from the relevant adjudicative period, "Dr. Gerson and Dr. Rudito's opinions are not persuasive." *Id*.

1  rejected all the medical opinions, the ALJ formulated his own opinion as to the impact of
2  Plaintiff's medical condition on her ability to function.  Although an ALJ need not adopt the RFC
3  opined by any particular physician, he must base his finding on some competent evidence.  Here,
4  the ALJ impermissibly substituted his own opinion for that of the physicians.") (citation omitted).

Because the ALJ's RFC determination is not supported by competent medical evidence, this matter must be remanded for further administrative proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 19, is granted.
2. The Commissioner's cross-motion for summary judgment, ECF No. 21, is denied.
3. The matter is remanded for further proceedings.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   September 29, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE